PHILLIP A. TALBERT
Acting United States Attorney
VERONICA M.A. ALEGRÍA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>        v.<br><br>CHRISTOPHER PAN,<br><br>                    Defendant. | CASE NO.  2:19-CR-0029-3 JAM<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING CHANGE OF PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: April 27, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

## BACKGROUND

On February 7, 2019, a grand jury indicted the defendant, CHRISTOPHER PAN, with violation(s) of 18 U.S.C. § 371 – Conspiracy to Commit Mail Fraud and Access Device Fraud; 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 1029(a)(2) – Access Device Fraud; and 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft.  Docket No. 1.  On April 22, 2021, defendant Pan and the government ("the parties") filed a plea agreement wherein, among other things, Pan agreed to plead guilty to Counts Nine and Sixteen of the Indictment, charging Mail Fraud, in violation of 18 U.S.C. § 1341, and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, respectively.  Docket No. 79. This matter is now set for a change of plea hearing on April 27, 2021.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;"

1   and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

2   case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23

3   § 15002(b)(2).

4          On March 29, 2020, the Judicial Conference of the United States made the findings required by

5   the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

6   President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

7   Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

8   functioning of the federal courts generally."

9          On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings

10   required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure

11   and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted

12   in person without seriously jeopardizing public health and safety."

13          In order to authorize change of plea and sentencing hearings by remote means, however, the

14   CARES Act—as implemented by General Order 620—also requires district courts in individual cases to

15   "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed

16   without serious harm to the interests of justice."  General Order 620 further requires that the defendant

17   consent to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference

18   unless "videoconferencing is not reasonably available."  In such cases, district courts may conduct

19   hearings by teleconference.

20          The parties hereby stipulate and agree that each of the requirements of the CARES Act and

21   General Order 620 have been satisfied in this case.  They request that the Court enter an order making

22   the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons

23   further set forth below, the parties agree that:

24          1)     The change of plea hearing in this case cannot be further delayed without serious harm to

25   the interest of justice and given the public health restrictions on physical contact; and

26          2)     The defendant waives his physical presence at the hearing and consents to remote hearing

27   by videoconferenceand counsel joins in that waiver.

28                                    **STIPULATION**

1    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

2  through defendant's counsel of record, hereby stipulate as follows:

3    1.    The Governor of the State of California declared a Proclamation of a State of Emergency

4  to exist in California on March 4, 2020.

5    2.    On March 13, 2020, the President of the United States issued a proclamation declaring a

6  National Emergency in response to the COVID-19 pandemic.

7    3.    In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

8  other public health authorities have suggested the public avoid social gatherings in groups of more than

9  10 people and practice physical distancing (within about six feet) between individuals to potentially

10 slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact and

11 vaccines have not been widely distributed to the general population.

12   4.    On March 17, 2020, this Court issued General Order 611, noting the President and

13 Governor of California's emergency declarations and CDC guidance, and indicating that public health

14 authorities within the Eastern District had taken measures to limit the size of gatherings and practice

15 social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

16 commence before May 1, 2020.

17   5.    On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses

18 in the Eastern District of California to the public.  It further authorized assigned district court judges to

19 continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General

20 Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

21 pandemic.

22   6.    On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

23 emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

24 resources across its heavy caseload."  The report accompanying the Judicial Council's declaration

25 analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

26 District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

27 weighted filings) and its shortage of judicial resources (the District is currently authorized only six

28 district judges; two of those positions are currently vacant and without nominations).  The report further

1   explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

2   guidance regarding gatherings of individuals.

3        7.     On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

4   2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

5        8.     On May 13, 2020, General Order 618 issued, continuing court closures until further

6   notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

7        9.     General Order Nos. 613, 614, 615, 616, 620, 621, 624 have also issued and made findings

8   and implementing temporary emergency procedures in response to the COVID–19 crisis, and these

9   General Orders either remain in effect or have been superseded by a subsequent General Order

10   extending their provisions, with General Order 624 having expired on December 29, 2020.  On January

11   4, 2021, General Order 628 issued, authorizing further continuances of hearings and exclusions under

12   the Speedy Trial Act for another 90 days unless terminated earlier.

13       10.    Given these facts, it is essential that Judges in this District resolve as many matters as

14   possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

15   hearings now, this District will be in a better position to work through the backlog of criminal and civil

16   matters once in-person hearings resume.

17       11.    The change of plea hearing in this case accordingly cannot be further delayed without

18   serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-

19   person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and

20   every Judge in this District, when normal operations resume.

21       12.    Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-

22   teleconference.  Counsel joins in this consent.

23   //

24   //

25   //

26   //

27   //

28

IT IS SO STIPULATED.

Dated:  April 22, 2021                                PHILLIP A. TALBERT
                                                              Acting United States Attorney


                                                              /s/ *Veronica M.A. Alegría*
                                                              VERONICA M.A. ALEGRÍA
                                                              Assistant U.S. Attorney


Dated:  April 22, 2021                                /s/ *Alex R. Kessel*
                                                              Counsel for Defendant
                                                              CHRISTOPHER PAN


## FINDINGS AND ORDER

1.       The Court adopts the findings above.

2.       Further, the Court specifically finds that:

         a)       The change of plea hearing in this case cannot be further delayed without serious

harm to the interest of justice; and

         b)       The defendant has waived his physical presence at the hearing and consents to

remote hearing by videoconference.

3.       Therefore, based on the findings above, and under the Court's authority under § 15002(b)

of the CARES Act and General Order 628, the change of plea hearing in this case will be conducted by

videoconference.


IT IS SO FOUND AND ORDERED this 22nd day of April, 2021.


                                                              /s/ John A. Mendez
                                                              THE HONORABLE JOHN A. MENDEZ
                                                              UNITED STATES DISTRICT COURT JUDGE