1 | PHILLIP A. TALBERT
United States Attorney
2 | VERONICA M.A. ALEGRÍA
Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5 |
Attorneys for Plaintiff
6 | United States of America

7 |

8 | IN THE UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,                    CASE NO.  19-CR-0029-JAM-3

11 |                          Plaintiff,          STIPULATION REGARDING USE OF
                                                VIDEOCONFERENCING DURING SENTENCING
12 |                   v.                        HEARING; FINDINGS AND ORDER

13 | CHRISTOPHER PAN,                             DATE: February 8, 2022
                                                TIME: 9:30 a.m.
14 |                          Defendant.          COURT: Hon. John A. Mendez

15 |

16 |                                   **BACKGROUND**

17 |          On February 7, 2019, a grand jury indicted the defendant, CHRISTOPHER PAN, on one count

18 | of conspiracy to commit mail fraud and access device fraud (18 U.S.C. § 371), seven counts of mail

19 | fraud (18 U.S.C. § 1341), one count of access device fraud (18 U.S.C. § 1029(a)(2), and one count of

20 | aggravated identity theft (18 U.S.C. § 1028A(a)(1)).  Co-defendants Mitchell Vanbeek and Christina

21 | Vanbeek were also charged in the same indictment.  On April 27, 2021, pursuant to a plea agreement,

22 | defendant pleaded guilty to one count of mail fraud and one count of aggravated identity theft.  This

23 | matter is now set for sentencing on February 8, 2022.

24 |          On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

25 | ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

26 | District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1)

27 | such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;"

28 | and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

STIPULATION REGARDING HEARING                    1

1  case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23

2  § 15002(b)(2).

3      On March 29, 2020, the Judicial Conference of the United States made the findings required by

4  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

5  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

6  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

7  functioning of the federal courts generally."

8      On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings

9  required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure

10  and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted

11  in person without seriously jeopardizing public health and safety."

12      In order to authorize sentencing hearings by remote means, however, the CARES Act—as

13  implemented by General Order 620—also requires district courts in individual cases to "find, for

14  specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

15  serious harm to the interests of justice."  General Order 620 further requires that the defendant consent

16  to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless

17  "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by

18  teleconference.  This General Order has been extended multiple times, most recently on December 21,

19  2021, by General Order 640.

20      The parties hereby stipulate and agree that each of the requirements of the CARES Act and

21  General Order 620 have been satisfied in this case.  They request that the Court enter an order making

22  the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons

23  further set forth below, the parties agree that:

24      1)      The sentencing hearing in this case cannot be further delayed without serious harm to the

25  interest of justice and given the public health restrictions on physical contact; and

26      2)      The defendant waives his physical presence at the hearing and consents to remote hearing

27  by videoconferenceand counsel joins in that waiver.

28

STIPULATION REGARDING HEARING                    2

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.      On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact and vaccines have not been widely distributed to the general population.

4.      On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5.      On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020, and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six

STIPULATION REGARDING HEARING

3

district judges; two of those positions are currently vacant and without nominations).  The report further

explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

guidance regarding gatherings of individuals.

7.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

8.      On May 13, 2020, General Order 618 issued, continuing court closures until further

notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9.      General Order Nos. 613, 614, 615, 616, 620, 621, 624, 632, 633, 634, 635, and 640 have

also issued and made findings and implementing temporary emergency procedures in response to the

COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a

subsequent General Order extending their provisions.  In particular, on December 21, 2021, General

Order 640 issued, extending the findings of General Order 620, which authorized the use of

videoconference and teleconference technology in certain criminal proceedings under the CARES Act,

for another 90 days unless terminated earlier.

10.     Given these facts, it is essential that Judges in this District resolve as many matters as

possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these

hearings now, this District will be in a better position to work through the backlog of criminal and civil

matters once in-person hearings resume.

11.     The sentencing hearing in this case accordingly cannot be further delayed without serious

harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it

would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge

in this District, when normal operations resume.

//

//

//

//

//

//

STIPULATION REGARDING HEARING

4

12.     Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  January 27, 2022                              PHILLIP A. TALBERT
                                                      United States Attorney

                                                      /s/ *Veronica M.A. Alegría*
                                                      VERONICA M.A. ALEGRIA
                                                      Assistant U.S. Attorney

Dated:  January 13, 2021                              /s/ ALEX R. KESSEL
                                                      ALEX R. KESSEL
                                                      Counsel for Defendant
                                                      CHRISTOPHER PAN

### FINDINGS AND ORDER

1.     The Court adopts the findings above.

2.     Further, the Court specifically finds that:

     a)     The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice; and

     b)     The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.     Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 628, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 27th day of January, 2022.

                                                      /s/ John A. Mendez
                                                      THE HONORABLE JOHN A. MENDEZ
                                                      UNITED STATES DISTRICT COURT JUDGE

STIPULATION REGARDING HEARING                         5